## Natcher v. Bentley

*Hyman Goldstein* and *E. M. Biddle, Jr.*, for plaintiff.
*Robert Lee Jacobs*, for defendant.

SHUGHART, P. J., March 25, 1953.—Plaintiff filed this action in equity praying that the court dissolve the partnership which he alleges existed between himself and defendant, and (to) further order and direct an accounting by defendant of his management of the beer distributing business involved.

By stipulation filed, counsel for the parties have agreed that the court may dispose of the matter without filing detailed findings of fact and conclusions of law.

It is axiomatic that before plaintiff can have a partnership dissolved and an accounting rendered, the burden is upon him to prove that a partnership existed between the parties. This he has failed to do.

There is no doubt that, before the business was purchased from the prior owner, it was contemplated that Natcher and Bentley would buy it and operate it as a partnership. It is equally clear, however, from the testimony, that each of the parties was to raise approximately $4,000 to cover the purchase price and furnish operating capital. Bentley raised all funds necessary for the purchase, but Natcher was unable to obtain the one half of the cost of the venture necessary to acquire his interest as a partner. We are, therefore, satisfied that no partnership ever came into existence.

Even if we were to consider the matter as an unexecuted contract to enter into a partnership, plaintiff

is not aided. It does not appear that plaintiff ever was able to supply the necessary funds to buy into the partnership.

The business was purchased by Bentley alone, under an agreement dated March 4, 1950. The contract, the bill of sale, the requisite license, fictitious name registration, and all other papers in connection with the business were in Bentley's name alone. Operation of the business was begun March 20, 1950.

After the purchase by Bentley, it was apparently contemplated that if Natcher raised approximately $4,000 to put into the business, he could become a partner. From March 20, 1950, to May 11, 1950, Natcher worked for Bentley, but received no compensation, obviously for the reason that until that time both parties expected him to qualify and become a partner. When it became apparent that Natcher could not raise the requisite funds, Bentley started to pay him a salary on May 11, 1950. It is admitted that he received no compensation prior thereto, although he devoted all of his time to the business.

Plaintiff's counsel contends that even if it is found that no partnership existed, plaintiff is entitled to recover compensation for the period for which he received nothing. With that contention we agree.

Even though we must dismiss plaintiff's complaint, we can award him a sum for the compensation admittedly due him.

In Rothstein, to use, v. Jefferson Ice Mfg. Co., 137 Pa. Superior Ct. 298, 309, it was said:

"Although the bill was dismissed, equity, having acquired jurisdiction, will 'proceed to determine the whole cause, although in so doing it may decide questions which, standing alone, would furnish no basis of equitable jurisdiction'."

When plaintiff went on salary in May 1950 he received $45 per week. We believe that compensation at

this rate for the period March 20, 1950, to May 11, 1950, is equitable. Our calculation indicates this period to be a matter of eight calendar weeks, or a total of $360.

Plaintiff contends also that during the early days of the business he expended funds of his own, in the promotion of the business, to the extent of some $1,500 for which he is entitled to be reimbursed. Defendant denies this contention, and claims that plaintiff was reimbused from the petty cash for any such expenditures.

The proofs of this claim consisted principally of testimony that when the business operations began, plaintiff had certain sums of money, which he claims to have expended in the promotion of the business. He was unable to state what amounts he spent, with particularity. We are satisfied that there has been insufficient proof to warrant a recovery as to this item.

We conclude that plaintiff has failed to show that a partnership existed between plaintiff and defendant. The complaint must, therefore, be dismissed. As indicated above, however, a monetary judgment will be entered in favor of plaintiff in the amount of $360.

### Decree Nisi

And now, March 25, 1953, at 5:30 p.m., in conformity to the foregoing, it is ordered and decreed that the complaint in the above matter be and is hereby dismissed.

Further, it is ordered and directed that judgment is entered in favor of plaintiff and against defendant, in the amount of $360.

Costs to be paid by defendant.

This decree to be entered as a final decree unless exceptions are filed hereto within 10 days from the date hereof.